UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZYGMUNT S. ZABOLOTNY,

    Petitioner,

v.                                                Case No.  8:10-cv-1679-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## **ORDER**

Before this Court is a timely-filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Zygmuny S. Zabolotny, a Florida prisoner. The petition attacks Zabolotny's convictions for securities fraud, sale of unregistered securities, and sale of securities by an unregistered dealer arising out of charges filed in the Sixth Judicial Circuit in and for Pinellas County, Florida, in state circuit case number CRC03-11869CFANO.

PROCEDURAL HISTORY

On July 14, 2003, the Statewide Prosecutor charged Zabolotny by Information with one count of securities fraud, sixteen (16) counts of sale of unregistered securities, and sixteen (16) counts of sale of securities by an unregistered dealer. (Exhibit 1: Vol. 1: R 33-45).1 The Information was amended to change the date that Count I allegedly began. (Exh 1: Vol. 7: R 1348).

On January 17, 2007, Zabolotny appeared before the Honorable Joseph A. Bulone, Circuit Judge, to enter pleas of nolo contendere to all charged offenses. (Exhibit 2: Change

of Plea Transcript and Plea Form). Zabolotny was represented by Assistant Public Defenders Paula Price Shea, Esquire, and Kevin Mark Schmitt, Esquire. Zabolotny agreed to enter a plea of no contest to all 33 counts of the amended Information and the prosecution agreed that the potential sentence would be capped at 15 years, even though the statutory maximum sentence was 190 years. Zabolotny signed a written plea form. Ms. Shea, Zabolotny's trial counsel, told the court she went over the plea form with her client and believed he had read it. (Exhibit 2 at p. 18). Zabolotny told the court he felt the plea was in his best interest. The State recited the factual basis for the charges. Id. at pp. 22-24. Zabolotny was sworn, and the court conducted a plea colloquy. The following exchange occurred:

> THE COURT: All right. Please raise your right hand.
>
> (Whereupon, the defendant was sworn by the Court.)
>
> THE COURT: All right. Please lower your hand. Please state your name.
>
> THE DEFENDANT: My name is Zygmunt Zabolotny.
>
> THE COURT: And how old are you?
>
> THE DEFENDANT: Fifty-nine
>
> THE COURT: And how far did you get in school?
>
> THE DEFENDANT: A college degree; an associates.
>
> THE COURT: From where?
>
> THE DEFENDANT: From City University of New York, Medgar. Evers College.
>
> THE COURT: All right. So you obviously then can read and write the English language, correct?
>
> THE DEFENDANT: Yes, I do.

THE COURT: Did you read over the plea form?

THE DEFENDANT: Yes, I did.

THE COURT: You understand all the rights contained in the plea form?

THE DEFENDANT: Yes, I do.

THE COURT: You understand that you had the right to a jury trial where the State had the burden of proving the case beyond a reasonable doubt?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand that at that, jury trial, that your lawyer could have cross-examined the State's witnesses, you could have called witnesses of your own and used the subpoena powers of the Court to compel those witnesses to come to Court, you could have either testified at the trial or chosen not to testify? If you chose not, to testify, I would have instructed the jury that they could not hold that against you in any way. Do you understand all of that?

THE DEFENDANT: Yes, I do.

THE COURT: Do you understand that you're waiving or giving up all of the rights in the plea form and any possible defenses that you may have?

THE DEFENDANT: Yes, I do.

THE COURT: Are you waiving all of these rights freely and voluntarily?

THE DEFENDANT: Yes, I do.

THE COURT: Are you currently under the influence of alcohol or drugs?

THE DEFENDANT: No.

THE COURT: Are you taking any kind of medication?

THE DEFENDANT: No.

THE COURT: Do you have any history of mental illness?

THE DEFENDANT: No. . . . .

THE COURT: You understand what's going on here this morning?

>THE DEFENDANT: Yes, I do.
>
>THE COURT: Okay. Are you satisfied with the help and advice of your lawyer?
>
>THE DEFENDANT: Yes, I am.
>
>THE COURT: If you're not a citizen of the United States, you could. be deported or removed as a result of this plea. Do you understand that?
>
>THE DEFENDANT: Yes.
>
>. . .
>
>THE COURT: Okay. All right. I will find that there is a factual basis. I'll accept your plea, find that you are alert and intelligent, that your change of plea is entered freely and voluntarily, that you understand your rights, the rights you were giving up, and the consequence of your plea. You have been represented by able trial counsel, with whom you say you were satisfied. We're going to have a sentencing hearing on this on February the 9th, 2007, at 1:30 in the afternoon. And whoever would like an interpreter or whoever needs an interpreter, you need to order the interpreter and make sure the interpreter is here, because the Court's not going to do it. So whatever party needs one or would like one, you're going to need to do it. If both sides need an interpreter, then get with each and make sure we just order one. There's no sense in having two.

(Exhibit 2 at pp. 25-27, 28-29).

On February 9, 2007, the court held a lengthy sentencing hearing. (Exhibit 16). After hearing the witnesses and argument of counsel, the court imposed a sentence which was fashioned with a combination of concurrent and consecutive sentences of five years three years, or 42.4 months so that Zabolotny received an overall sentence of thirteen years imprisonment. (Exhibit 3: Judgment and Sentence).

Direct Appeal

Zabolotny pursued a direct appeal. His appointed counsel, Special Assistant Public

Defender Jeffrey Sullivan, filed an initial Anders[1] brief stating he could find no meritorious argument to support the contention that the trial court committed significant reversible error in this case. (Exhibit 4). Counsel invited the appellate court's attention to two potential issues for review: 1) WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE APPELLANT'S PLEA TO THE CHARGES? and 2) WHETHER THE SENTENCE IMPOSED BY THE TRIAL COURT IS LEGAL?

The appellate court allowed Zabolotny to file a supplemental pro se brief, but he failed to do so. (Exhibit 5: Docket). The State then filed its answer brief, agreeing that no meritorious issues existed. (Exhibit 6). Zabolotny filed a notice of voluntary dismissal on January 7, 2008. (Exhibit 7). On January 15, 2008, in Case No. 2D07-1217, the appellate court filed an order dismissing the appeal. (Exhibit 8). *Zabolotny v. State*, 972 So. 2d 187 (Fla. 2d DCA 2008)(table).

Rule 3.850 Motion for Postconviction Relief

On April 7, 2008, Zabolotny filed in the trial court a pro se Motion for Postconviction Relief and incorporated memorandum of law pursuant to Florida Rule of Criminal Procedure 3.850. (Exhibit 9). Zabolotny raised eight grounds for relief in his motion:

    1. Defendant's plea was involuntary because defense counsel provided him with incorrect sentencing information, which influenced his decision to plead no-contest;

    2. Due to the complexities associated with securities fraud cases, defense counsel was ineffective for failing to obtain the services of a subject matter expert to prepare a defense;

    3. Defense counsel was ineffective for failing to move to dismiss the

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Information as defective;

    4. Defense counsel was ineffective for failing to move for dismissal of the charges;

    5. Defense counsel was ineffective for failing to raise the issue that Defendant had no "real notice" of what charges he was pleading to;

    6. Defense counsel was ineffective for failing to challenge Florida Statute § 517.301(1) as being overly ambiguous and vague;

    7. The cumulative effect of defense counsel's errors amounts to a deprivation of a fair criminal proceeding;

    8. Defendant's sentence is unlawful.

On November 18, 2008, the postconviction court issued a written non-final order summarily denying grounds 1, 2, 3, 6, and 8. (Exhibit 10). The court struck grounds 4, 5, and 7 without prejudice for facial insufficiency and granted Zabolotny thirty days to amend those claims. Zabolotny filed an amended motion for postconviction relief on December 1, 2008. (Exhibit 11). The motion presented all eight of the original claims, except grounds 4, 5, and 7, which were amended. On December 12, 2008, the court issued a written order denying the three amended claims. (Exhibit 12).

Zabolotny appealed the adverse rulings. He filed an initial pro se brief on January 15, 2009. (Exhibit 13). Because of the summary nature of the proceeding, the State did not file an answer brief. On December 16, 2009, in Case No. 2D09-596, the Florida Second District Court of Appeal filed a per curiam unwritten opinion affirming the orders denying postconviction relief. (Exhibit 14). *Zabolotny v. State*, 25 So. 3d 1242 (Fla. 2d DCA 2009)(table). The court's mandate was issued on January 13, 2010. (Exhibit 15).

Zabolotny delivered the § 2254 petition to prison officials for mailing on August 23, 2010. (Doc. 1). The petition raises four grounds for relief:

GROUND ONE

INEFFECTIVE ASSISTANCE OF COUNSEL WHERE THE CONVICTION OBTAINED BY PLEA OF NOLO CONTENDERE WHICH WAS UNLAWFULLY INDUCED BY COERCION, MAKING THE PLEA INVOLUNTARY.

GROUND TWO

INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE FAILURE TO ADEQUATELY INVESTIGATE AND PREPARE THE DEFENSE BY MOTIONING THE COURT TO COMMISSION AN EXPERT ON SECURITY FRAUD.

GROUND THREE

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO ATTACK THE SUFFICIENCY OF THE INFORMATION BY FILING A PROPER MOTION TO DISMISS.

GROUND FOUR

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO FILE A MOTION TO DISMISS IN ORDER TO RAISE THE ISSUE WHETHER THE PARTICULAR INVESTMENTS MEET THE STATUTORY DEFINITION OF "SECURITIES."

STANDARDS OF REVIEW

The AEDPA Standard

Zabolotny's petition is governed by the provisions of 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Woodford v. Garceau*, 538 U.S. 202 (2003); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly

established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws

involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

### WAIVER AND PROCEDURAL BAR

Grounds Two, Three, and Four are waived by entry of Zabolotny's nolo contendere plea. In Ground Two, Zabolotny contends his attorney was ineffective for failing to investigate and prepare the defense by moving the court to commission an expert in the field of securities fraud. Zabolotny argues in Ground Three that his counsel was ineffective for failing to attack the sufficiency of the Information by filing a proper motion to dismiss. And in Ground Four, Zabolotny faults counsel for failing to file a motion to dismiss in order to raise the issue whether the particular investments meet the statutory definition of "securities." All three claims concern actions Zabolotny alleges counsel should have taken prior to the plea. During the change of plea hearing, Zabolotny's attorney announced that

Zabolotny elected to enter a nolo contendere plea based on an agreement with the State that his sentence would be capped at fifteen years. When the court asked Zabolotny whether he understood that by entering his plea he waived any defenses, Zabolotny responded, "Yes, I do." (Exhibit 2 at p. 26).

Pursuant to state law, a defendant who pleads guilty or nolo contendere without preserving the right to contest court rulings that preceded the plea in the criminal process may appeal only issues which occur contemporaneously with entry of the plea. *Robinson v. State*, 373 So. 2d 898 (Fla. 1979). Because he did not reserve his underlying issues for appeal, Zabolotny, by entry of his unconditional plea, waived the issues and such could not be raised on direct appeal.

Under state law, his known claims and defenses were waived when he pled and as a result, the claims of proposed omissions of counsel were procedurally barred. *See e.g., Baker v. State*, 879 So. 2d 663, 664 (Fla. 5th DCA 2004)(affirming denial of movant's Rule 3.850 claim his trial counsel was ineffective for not attacking credibility of codefendant; holding guilty plea cut off inquiry into all issues arising prior to plea and any further attack on credibility of codefendant was rendered pointless by plea).

Procedural Bar in Federal Court

Aside from the state procedural default doctrine, federal habeas corpus review of Zabolotny's Grounds Two, Three, and Four in their entirety is foreclosed by entry of his knowing and voluntary nolo contendere plea[2] to the charges and imposition of the agreed-upon sentencing cap. Grounds Two, Three, and Four raised in the instant petition

---

[2] A plea of nolo contendere is recognized as the equivalent of a guilty plea in Florida. See Fla. R. App. P. 9.140(b)(2).

concern alleged ineffective assistance of counsel occurring prior to entry of Zabolotny's nolo contendere plea, and these claims are now barred. A guilty or nolo contendere plea waives all non-jurisdictional defects occurring prior to the time of the plea, generally limiting defendants to challenges implicating the knowing and voluntary nature of that plea. *See Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Non-jurisdictional defects that are waived by an unconditional plea of guilty include challenges to the factual basis underlying a conviction, prosecutorial vindictiveness, and violations of due process, as well as claims of ineffective assistance of counsel concerning issues litigated prior to entry of the plea. *See Wilson*, 962 F.2d at 997; *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986). *See also, United States v. Broce*, 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989)(when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary); *Tollett v. Henderson*, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973)(holding that a guilty plea represents a break in the chain of events that preceded it in the criminal process); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir. 1991 ); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)(finding a plea of guilty is a waiver of several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial).

Since Zabolotny's claims in Grounds Two, Three, and Four implicate non-jurisdictional matters that preceded entry of Zabolotny's plea (namely, counsel's performance regarding pretrial evidentiary issues), Zabolotny relinquished his right to

challenge the alleged defects by pleading nolo contendere. Zabolotny's contention that counsel was ineffective for failing to take pre-plea actions to protect Zabolotny's defenses to the crimes did not relate to counsel's advice regarding the plea, or otherwise materially implicate the knowing and voluntary nature of his plea. *See Wilson*, 962 F.2d at 997.

By operation of law, Zabolotny relinquished any right he may have had to challenge the effectiveness of counsel regarding alleged antecedent violations of constitutional rights. Accordingly, the claims raised by Zabolotny in Grounds Two, Three, and Four of the instant petition do not warrant habeas corpus relief.

Even if Zabolotny's claims are not considered barred, however, he is not entitled to relief under 28 U.S.C. § 2254(d) and (e) (the AEDPA).

## Ground One

Zabolotny alleges his plea was involuntary because it was unlawfully induced by counsel's act of coercion. Specifically, Zabolotny alleges in his federal petition that his two attorneys indicated to him that if he entered a plea he would receive either probation or a maximum sentence of 42.4 months in prison. In addition, Zabolotny complains that his attorneys gave him erroneous advice about whether he would be sentenced under Florida's sentencing guidelines of the Criminal Punishment Code.

In the postconviction proceeding, the state court treated the claim as an allegation that counsel was ineffective for giving Zabolotny inaccurate sentencing information, which rendered the plea involuntary. The court found the construed claim to be without merit, as stated in the non-final order denying relief:

**Claim 1 - Inaccurate Sentencing Information**

Defendant avers his plea was given involuntarily because defense counsel

provided him with incorrect sentencing information, which influenced his decision to plead no-contest. Allegedly, counsel had initially assured Defendant that he could expect to receive a probationary sentence if he pled. At a pre-trial conference, counsel then informed Defendant that the State would not agree to a probationary sentence, but would agree to a negotiated plea whereby the Court would cap any imposed prison sentence at 15-years. Defendant alleges he initially refused to accept the plea offer, but counsel persuaded him to accept it by stating the Court would sentence Defendant to 30-years in prison if he were found guilty at trial on the securities offense. Defendant alleges he received deficient representation in two respects: first, counsel's allegations that the Court would sentence Defendant to 30-years was a misstatement of law under the sentencing statutes; and two, counsel misinformed Defendant regarding what the applicable sentencing statutes were for his case.

First, the Court agrees with Defendant that the statutory maximum penalty which the Court could have imposed for all counts was 190-years.[3] A review of the State's Amended Information shows Defendant was charged with 33 separate counts; Count 1 was a first-degree felony and the most egregious.[4] Defendant does not articulate whether counsel's sentencing advice pertained to Defendant's total imprisonment exposure if found guilty on all counts, or if counsel was specifically stating that Defendant would (or could) receive 30-years in prison on Count 1 (if found guilty). Regardless, merely advising a defendant of the statutory maximum sentence that could be imposed for a given offense does not render a no-contest plea involuntary.[5] Counsel's informing Defendant that he could receive a 30-year prison sentence if found guilty on a first-degree felony was accurate advice.[6] Concurrently, if counsel had failed to accurately advise Defendant on this ground, and Defendant then proceeded to trial and lost, counsel would have been ineffective.[7]

Additionally, because Defendant committed some of the charged crimes before October 1, 1998, the 1995 Florida sentencing guidelines would be applied as to those charges. For the charges which occurred after Oct. 1, Defendant would be sentenced under the Florida criminal punishment code. Defendant's contention that it was error for counsel to assert Defendant

---

[3] Defendants's Motion for Post-Conviction Relief, pg 12.

[4] Exhibit A: Amended Felony Information case no. 52-2003- CF-11869-ANO.

[5] *Jackson v. State*, 801 So. 2d 1024 (Fla. 5th DCA 2001).

[6] Florida Statutes, section 775.082(3)(b).

[7] *Kleppinger v. State*, 884 So. 2d 146 (Fla. 2d DCA 2004).

would be sentenced under the guidelines is incorrect. Defendant was subject to punishment under both the 1995 guidelines and the criminal punishment code. Further, the 1995 guidelines recommendation (for the crimes occurring before Oct. 1) was the presumptive appropriate sentence; it was not, however, the maximum sentence the Court could impose. Because the facts alleged do not render Defendant's conviction and sentence vulnerable to collateral challenge, the Court denies this claim.

Exhibit 10 at pp. 3-4. For the reasons stated by the state postconviction court, Zabolotny's claim of inaccurate sentencing information was reasonably rejected.

To the extent Zabolotny alleges that his attorneys misled him to believe he would get only probation or a light sentence, such claim is refuted by the record. During the plea hearing, the court explained to Zabolotny that it did not matter what the statutory maximum sentence was, because the terms of the plea called for a cap of 15 years:

> THE COURT: All right. So you could have gotten up to 190 years. But because of this change of plea and the agreed upon disposition at least in regard to a cap, now the most you can get is 15 years. All right? Do you understand that?
>
> THE DEFENDANT: Yes.

(Exhibit 2 at p. 20).

In addition, the court told Zabolotny that it would consider the decision to plead as a mitigating factor when it came to determining the proper sentence:

> THE COURT: . . . However, if there is an acceptance of responsibility, I don't think there's anything improper about me considering that a mitigating factor. And I'll consider that factor, along with any mitigation that you have. And I'll consider any aggravating factors that the State has. And I'll obviously decide what the proper sentence will be based upon the totality of the circumstances. You understand?

(Exhibit 2 at p. 21).

Zabolotny's attorney, Ms. Shea, clarified to the court that Zabolotny was pleading no contest, and although he understands that he bears some responsibility for people

missing money, Zabolotny was not admitting that he stole the money. (Exhibit 2 at pp. 21-22).

The court made it clear to Zabolotny that the sentence would depend on mitigating and aggravating factors and other evidence presented at the sentencing hearing, but that the only restriction on the amount of time Zabolotny would have to serve was an agreed upon cap of fifteen years.

In light of this information, Zabolotny proceeded to plead nolo contendere. "When a 'trial judge clearly explained the potential maximum sentence,' a defendant cannot be prejudiced by counsel's allegedly erroneous advice." *Pliego-Duarte v. United States*, 2010 U.S. Dist. LEXIS 3055, 2010 WL 162008 (N.D. Ga., Jan. 13, 2010) (citing *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997)). The plea and sentencing transcript demonstrate that Zabolotny's plea was voluntary and was not the product of coercion. *See,e.g., Garcia v. State*, 228 So. 2d 300 (Fla. 3d DCA 1969) (record established that guilty plea was free and voluntary and that plea was not induced by retained counsel's statement that prosecutor had agreed that 20-year sentence would be imposed in return for plea).

Zabolotny cannot establish that his plea was coerced or based upon erroneous sentencing advice. Therefore, the denial of this claim by the state court was objectively reasonable and is entitled to deference under the AEDPA.

Ground one does not warrant habeas corpus relief.

## GROUND TWO

Zabolotny raises an allegation of ineffective assistance of counsel for failing to obtain the services of an expert. Specifically, he alleges counsel should have sought the appointment of an expert on securities fraud to assist the defense by testifying that the

securities involved in Zabolotny's case did not meet the statutory definition of securities. This claim was raised in ground 2 of the motion for postconviction relief. The state court summarily denied this allegation, finding that Zabolotny was improperly attempting to "go behind the plea." The November 18, 2008, order states in pertinent part:

> **Claim 2- Necessity for Expert Testimony**
>
> Defendant alleges that due to the complexities associated with securities fraud cases, counsel should have obtained the services of a subject-matter expert to prepare a defense. Defendant alleges that had counsel obtained an expert, then that expert would have been able to testify that the alleged securities Defendant was accused of selling did not meet the statutory definition of a 'security,' and therefore Defendant did not violate Florida law. Counsel's failure resulted in Defendant accepting the State's plea offer when he would have rather gone to trial. Defendant also claims counsel's failure deprived the defense of a means to effectively cross-examine the State's subject-matter expert, but Defendant does not specify when the expert could have been cross-examined. Defendant makes repeated references to cross-examining the witness at trial, but Defendant waived jury trial.
>
> The Court denies this Claim as an attempt to go behind the plea. Defendant's responses during his change of plea colloquy demonstrate he entered his no-contest plea freely and voluntarily, without any duress, and that there was a factual basis for his plea. Defendant's signed plea form acknowledges that he was giving up his right to employ any defenses which he may have had. Because the record demonstrates Defendant pleaded no contest with the knowledge that he was abandoning his right to pursue a defense and to have a jury decide contested issues of guilt, the Court finds no deficiency in counsel's performance for omitting expert analysis.

(Exhibit 10 at p. 4 (footnotes omitted)).

The state postconviction court properly treated this claim as waived by entry of the nolo contendere plea. The denial of this claim was affirmed on appeal. Thus, Zabolotny cannot demonstrate deficient performance or prejudice under the Strickland standard, and Ground Two does not warrant habeas corpus relief.

GROUND THREE

Zabolotny contends trial counsel was ineffective for failing to challenge the Information on the basis that the charging document is too "generic and vague" and contained "fatal variances" which made it subject to dismissal. This claim, raised in ground 3 of the Rule 3.850 motion, was summarily rejected on the merits by the postconviction court, who found the Information was not defective. The state court reasoned as follows in the November 18, 2008, order denying relief:

**Claim 3 - Failure to Challenge the Criminal Information**

Defendant alleges the State's statement of particulars as to Count 1 of his criminal information uses the conjunction or twelve times, thereby making Count 1 too vague to prepare a defense. Defendant further alleges the statute's use of the phrase "fraudulent transactions, practices, or course of business" is generic and fails to inform him of what acts he committed that are criminal. Defendant contends counsel should have moved to dismiss the information because of the foregoing problems.

"For an information to sufficiently charge a crime it must follow the statute, clearly charge each of the essential elements, and sufficiently advise the accused of the specific crime with which he is charged. Generally the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial." [8] Count 1 alleged a crime using the same language found in Florida Statute § 517.301(1)(a)2 (1998). Thus, the Court finds the information sufficient to charge a crime. Further, any uncertainty in what conduct the State considered illegal was cured by their providing a statement of particulars. Additionally, the inclusion of or to represent an alternative theory did not make the information defective.

To the extent that both the statute and information used the vague phrase "fraudulent transactions, practices, or course of business," the State's issuance of a statement of particulars as to Count 1 clearly defined what was being charged. Specifically, it provided the place, dates, and all other material facts relating to the charged crime. [9] The Court finds the statement of

---

[8] *Price v. State*, --- So. 2d ---, 2008 WL 4489278, 2 (Fla. 2008) (internal citations omitted).

[9] Exhibit D: Statement of Particulars as to Count 1 in case 52-2003-CF-11869- (Dec. 4, 2006).

> particulars sufficient to have enabled Defendant to prepare a defense. Lastly, Defendant's allegation that the information was defective for failing to allege scienter is without merit.[10]
>
> Because the information and statement of particulars were legally sufficient to permit prosecution, counsel's failure to raise a frivolous challenge attacking their sufficiency was not deficient performance. Therefore, this claim is without merit, and the Court denies it accordingly.

(Exhibit 10 at pp. 4-5).

The state court held, under Florida law, the charging document and statement of particulars were legally sufficient to permit prosecution. The state appellate court affirmed the ruling. Therefore, any sufficiency challenge to either document would not have been successful, and trial counsel cannot be deemed ineffective for failing to mount such a challenge. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (counsel has no duty to raise frivolous claims). *See also, United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995)(counsel is not required to file frivolous motions). Trial counsel was not ineffective in this instance, and Ground Three does not warrant habeas corpus relief.

## GROUND FOUR

Zabolotny alleges counsel was ineffective for failing to file a motion to dismiss the charges in order to raise the issue whether the particular investments met the statutory definition of "securities." Zabolotny raised this allegation in ground 4 of his amended motion for postconviction relief. The state court held this claim was without merit for the following reasons:

> **Amended Claim 4 - Failure to Move for Dismissal**
>
> Defendant alleges counsel should have "tested" the State's accusations by

---

[10] *State v. Houghtaling,* 181 So. 2d 636 (Fla. 1966).

> filing a motion to dismiss, thereby requiring the court to determine if investing in Vesta financial Corporation meets the statutory definition of securities. Defendant avers the alleged facts fail to show a 'security' as that term is defined in *S.E.C. v. W.J. Howey Company*. In particular, to be considered a 'security,' three elements must be established: 1. An investment of money, 2. The existence of a common enterprise, and 3. An expectation of profits to be derived solely from the efforts of another. Defendant alleges element 3 is lacking because investor's expected to derive profit from their own efforts in Defendant's company (Vesta Financial). Thus, investment in Vesta Financial was not a 'security.'
>
> The purpose of a motion to dismiss is to allow a pretrial determination of the law of the case when the facts are not in dispute. The State alleged Defendant's investment was a security. Whether a particular investment constitutes a security depends on the facts and circumstances of each individual case. Defendant avers his version of the facts show investment in Vesta was not a security. Therefore, there was a factual dispute, and a motion to dismiss could not be used to dispose of the charges. Since there was no legal basis to move for dismissal, counsel was not ineffective for failing to assert a frivolous motion. The Court denies this Claim.

(Exhibit 12 at p. 2).

This claim can be denied on *Strickland*'s prejudice prong without reaching the deficiency prong. The state decision resolves the underlying state law issue of whether there was a legal basis to file a motion to dismiss the charges as a matter of state law. Even if counsel had filed such a motion, there was no reasonable probability of a different outcome.

Ground Four does not warrant habeas corpus relief.

## Conclusion

The state court decision regarding Grounds Two, Three, and Four, is objectively reasonable. Thus, even if Zabolotny's claims are not procedurally barred, they are subject to denial pursuant to 28 U.S.C. § 2254(d) and (e). Zabolotny's arguments in his reply are not persuasive.

Accordingly, the Court orders:

That Zabolotny's petition is denied. The Clerk is directed to enter judgment against Zabolotny and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is assessed the $455.00 filing fee unless the United States Court of Appeals for the Eleventh Circuit grants Petitioner leave to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 28, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Zygumunt S. Zabolotny